UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Brian Thomas Kulchar,** | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:17-cv-03585 |
| | ) | |
| v. | ) | Hon. Thomas M. Durkin |
| | ) | |
| **Dr. Sunita Williamson,** | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Brian Thomas Kulchar ("Mr. Kulchar"), by and through his Court-appointed counsel, and for his First Amended Complaint states as follows:

#### INTRODUCTION

1. This action seeks monetary relief for Defendant's acts of omission and commission constituting deliberate indifference to Mr. Kulchar's serious medical need, thus depriving Mr. Kulchar of rights guaranteed to him by the Eighth and Fourteenth Amendments of the U.S. Constitution and the laws of the United States.

#### JURISDICTION AND VENUE

2. Mr. Kulchar brings this action under 42 U.S.C. § 1983.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Mr. Kulchar's claims occurred in the Northern District of Illinois.

5. Upon information and belief, Mr. Kulchar has fulfilled the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which prohibits filing an action under 42 U.S.C. § 1983 without first exhausting all applicable administrative remedies.

## FACTS

6. Mr. Kulchar is currently incarcerated at the Pinckneyville Correctional Center, where he has been since November 28, 2017. Before his incarceration at Pinckneyville, he was at the Cook County Jail, from November 12, 2015, to November 28, 2017.

7. Mr. Kulchar has had gout since the 1990s. He controls it within ibuprofen, which is the only medication that he finds effective.

8. Gout is a complex form of arthritis that is characterized by sudden, severe attacks of pain, swelling, redness, and tenderness in the joints. It results in intense joint pain, lingering discomfort that can last from a few days to several weeks, inflamed joints that become swollen, and tender, and a limited range of motion in the affected joints. The failure to properly treat gout can cause erosion and destruction of a joint, and kidney stones.

9. Upon being admitted to the Cook County Jail in November 2015, Mr. Kulchar informed the doctor with whom he met of his history of gout and of his need for ibuprofen to manage the condition. The doctor told Mr. Kulchar that she would prescribe ibuprofen.

10. Instead of receiving a prescription for ibuprofen, however, he received a prescription for a different drug: allopurinol. When he raised the error, a nurse at the Jail told Mr. Kulchar that he could either take the allopurinol or go to segregation (that is, to solitary confinement).

11. While at the Jail, Mr. Kulchar suffered one or more attacks of gout. He did not receive ibuprofen for the attack(s), which caused him to suffer unbearable pain in his feet for weeks. For example, he was unable to stand at a court appearance in February 2016. He needed, and was given, a wheelchair so that he could attend.

12. As another example, in March 2016, he was forced to go outside at the Jail and stand in 30-degree weather for 45 minutes. That incident caused another gout attack.

13. Jail personnel accused Mr. Kulchar of faking his gout condition, notwithstanding that his right foot was the size of a football and his left foot was not much better.

14. Later in March 2016, Mr. Kulchar's gout was so intense that it woke him in the middle of the night. He was unable to walk from the pain in his feet so had to crawl to the bathroom, approximately 75 feet away. When he came out of the bathroom, he began to sweat heavily, became dizzy, began vomiting, and began dry heaving. He had trouble breathing and focusing. An officer from the Jail took Mr. Kulchar by wheelchair to a nurse, who told him that he was faking it again.

15. And again in March 2016, the pain from Mr. Kulchar's untreated gout required another inmate to help Mr. Kulchar back to his bunk, where he proceeded to pass out. Mr. Kulchar was unable to drink anything for six days, barely ate, and lost 20 pounds as he lay in a pool of sweat. Even the slightest movement caused intense pain. Because of the pain in his feet, he was forced to crawl to the bathroom on urine-saturated floors and to pay inmates to get his clothes and linens.

16. In April 2016, Mr. Kulchar was denied access to a walker for a court appearance, despite the fact that he had been told by nurses at the Jail that he would be provided with same. He could not then walk without assistance, a result of his continuously untreated gout. Mr. Kulchar was therefore forced to walk to court, which activated and aggravated his gout.

17. These gout attacks, untreated by his inability to obtain ibuprofen, caused Mr. Kulchar to suffer intense pain and permanently disfigured his feet.

18. Mr. Kulchar filed at least two grievances related to the lack of medical care he was receiving for his gout.

19. On information and belief, Defendant Dr. Sunita Williamson ("Dr. Williamson") is a physician licensed to practice in Illinois. On information and belief, Dr. Williamson was, at all relevant times, employed by or on behalf of the Cook County Department of Corrections with the responsibility of providing medical care to inmates at the Cook County Jail. On information and belief, while Mr. Kulchar was at the Cook County Jail, Dr. Williamson treated Mr. Kulchar directly and made decisions about Mr. Kulchar's medical care. Dr. Williamson acted under color of state law in performing these duties.

20. On information and belief, Dr. Williamson prescribed only allopurinol to treat Mr. Kulchar's gout, even though she actually knew, should have known, and/or is reasonably charged with then knowing that only ibuprofen would effectively treat Mr. Kulchar's gout.

21. On information and belief, Dr. Williamson had the opportunity and ability to prescribe ibuprofen to treat Mr. Kulchar's gout, but Dr. Williamson refused to do so. On information and belief, Dr. Williamson also actually knew, should have known, and/or is reasonably charged with then knowing that depriving Mr. Kulchar of ibuprofen for his gout posed a risk of serious, acute, and chronic harm to Mr. Kulchar.

22. As a result of Dr. Williamson's acts of omission and commission, Mr. Kulchar suffered severe pain and discomfort, and permanent damage to his feet.

**COUNT I: VIOLATION OF 42 U.S.C. § 1983 FOR DR. WILLIAMSON'S DELIBERATE INDIFFERENCE TO MR. KULCHAR'S SERIOUS MEDICAL NEED**

23. Mr. Kulchar restates and incorporates by reference the allegations of Paragraphs 1 through 22 herein.

24. Mr. Kulchar brings Count I against Dr. Williamson in her individual and official capacities.

25. Mr. Kulchar suffered from an objectively serious medical need – that is, gout – while under the medical care of Dr. Williamson.

26. Dr. Williamson was responsible for providing medical services to Mr. Kulchar while he was at the Cook County Jail, and was thus responsible for treating Mr. Kulchar's gout. Dr. Williamson was responsible for, without limitation, determining what medication Mr. Kulchar would, and would not, receive and in what dosages. Dr. Williamson acted under color of state law when she performed these duties.

27. Dr. Williamson actually knew, should have known, and/or is reasonably charged with then knowing that Mr. Kulchar's gout was a serious medical condition requiring treatment. Dr. Williamson also actually knew, should have known, and/or is charged with then knowing that only ibuprofen was effective at treating Mr. Kulchar's gout.

28. Despite Dr. Williamson's actual and/or constructive knowledge that only ibuprofen would effectively treat Mr. Kulchar's gout, Dr. Williamson was deliberately indifferent to Mr. Kulchar's condition by refusing to prescribe ibuprofen to Mr. Kulchar, thereby:

    a. Refusing to provide effective treatment;

    b. Delaying effective treatment to the point of exacerbating Mr. Kulchar's condition;

    c. Delaying effective treatment to the point of unnecessarily prolonging Mr. Kulchar's condition; and

    d. Prescribing erroneous treatment based on a substantial departure from accepted medical judgment, practice, and/or standards.

29. As a result of Dr. Williamson's acts of omission and commission, Mr. Kulchar suffered significant pain and discomfort from his gout, and his feet have been permanently disfigured.

30. Dr. Williamson's conduct violated 42 U.S.C. § 1983.

**WHEREFORE**, Mr. Kulchar respectfully requests that the Court issue an order awarding:

compensatory damages;

punitive damages;

reasonable costs and attorneys' fees; and

such other relief as this Court may deem just, equitable, or appropriate under the circumstances.

Mr. Kulchar demands a trial by jury, on all issues so triable.

Respectfully submitted,

*/s/ John Gabrielides*
John T. Gabrielides
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313

Court-Appointed Attorney for Plaintiff

*/Users/johngabrielides/Documents/Kulchar/Amended Complaint F.docx*